Cloyd GUILLORY, Appellant,

v.

STATE of Texas, Appellee.

Ex parte Cloyd Guillory, Applicant.

Nos. 01–02–00390–CR, 01–02–00391–CR, 01–02–00627–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 6, 2003.

Ken J. McLean, Houston, for Appellant.

Alan Curry, Asst. Dist. Atty., Houston, for Appellee.

Panel consists of Chief Justice RADACK and Justices NUCHIA and HANKS.

1. This opinion addresses two direct appeals and one appeal from a trial court's denial of an application for a writ of habeas corpus. Although appeals of denials of applications

## OPINION

GEORGE C. HANKS, JR., Justice.

Appellant,[1] Cloyd Guillory, brings this appeal in order to (1) challenge the validity of a guilty plea he entered in response to a June 1999 indictment for possession with intent to deliver between one and four grams of cocaine, (2) appeal the trial court's denial of his application for a writ of habeas corpus, and (3) challenge the sufficiency of the evidence supporting a separate conviction for evading arrest.

The first two issues appellant raises are related to the trial court's order adjudicating his guilt on the June 1999 charge of possession of cocaine with intent to distribute. Appellant challenges the trial court's adjudication of his guilt by bringing a direct appeal from the trial court's order; and second, by appealing the trial court's denial of his application for a writ of habeas corpus, contending that his guilty plea was involuntary because he received ineffective assistance of counsel at the time he entered it. Appellant's third issue, unrelated to the first two, springs from a wholly separate conviction for evading arrest. In this third issue, appellant challenges the sufficiency of the evidence to support his conviction for evading arrest by contending that the officer unlawfully detained him.

We dismiss appellant's direct appeal of the trial court's adjudication of his guilt for lack of jurisdiction, we affirm the trial court's denial of appellant's application for a writ of habeas corpus, and we affirm appellant's conviction for evading arrest.

## Background

On June 2, 1999, officers of the Houston Police Department, acting on a tip from a

for habeas writs usually style the appellant as "applicant" throughout, for purposes of uniformity, "applicant" will be replaced by "appellant" in this Opinion.

confidential informant, executed a search warrant for appellant's mother's house. Appellant's mother was at home at the time, but appellant was not in the house when the search began. Shortly after announcing their presence, the officers forcibly entered the front door of the house and searched the house and the surrounding premises, including a detached garage located approximately 20 to 30 feet from the house. The search of the garage revealed 13 loose rocks of cocaine in one container and the search of the house revealed 0.9 grams of cocaine in a shot glass in appellant's bedroom. While the search was being conducted, appellant drove up to the home in his car. At that point, appellant was placed under arrest and his car searched. The search of the car revealed additional cocaine, the weight of which is unspecified in the record. Appellant was indicted for the felony offense of possession of a controlled substance with intent to deliver.

Pursuant to a plea bargain with the State, appellant entered a plea of guilty to the indictment. The trial court assessed punishment at a fine of $500.00, 300 hours of community service, 30 days' confinement in the Harris County Jail, and six years' deferred adjudication community supervision under section 5 of article 42.12, Texas Code of Criminal Procedure.[2]

Approximately two years later, the State filed a motion with the court to adjudicate appellant's guilt, asserting that appellant had violated the terms of his community supervision earlier that month by being found in possession of 200 milligrams of codeine.

Less than one month after the State filed its motion to adjudicate appellant's guilt on the cocaine charge, appellant was arrested for evading a police officer who was attempting to detain him. Kyle Englehardt, a police officer with the Houston Police Department, testified that he and his partner were on routine patrol in their marked police car when they encountered appellant and two passengers driving a car that was missing its front license plate. Officer Englehardt testified that when he and his partner, both verbally and with hand signals, directed appellant to pull his car over, appellant instead sped away from the officers. The officers turned on their siren and lights and pursued appellant, eventually apprehending him after several blocks. Appellant was arrested, and was indicted for the felony offense of evading arrest in a vehicle.[3]

Appellant filed a pre-conviction writ of habeas corpus under article 11.08 of the Texas Code of Criminal Procedure, challenging the validity of the guilty plea he had entered in the possession offense. A jury convicted appellant of evading arrest and assessed punishment at 180 days' confinement. After a hearing on appellant's application for a writ of habeas corpus, the trial court adjudicated appellant's guilt on the charge of possession of cocaine with intent to distribute and denied relief on appellant's application for a writ of habeas corpus.

## Discussion

In his first two issues, appellant complains that he received ineffective assistance of counsel at the original plea hearing, and thus, his plea of guilty was rendered involuntary. Specifically, he claims his trial counsel did not have sufficient legal knowledge to adequately represent him at trial, and his trial counsel

2. Judge Rains did not preside over the entry of appellant's plea. Instead, appellant's plea was evaluated by and accepted by the Honorable Bob Burdette.

3. The State's motion to adjudicate was subsequently amended to include the allegation that appellant had fled from a police officer who attempted to detain him.

did not fully explain the applicable law to him before he entered his plea. Appellant contends that, if his trial counsel had properly explained the applicable law to him, he would not have pled guilty to the indictment.

## Voluntariness of Plea

### Direct Appeal

■ We are without jurisdiction to consider appellant's first challenge, via direct appeal, to the voluntariness of his guilty plea. Previously, the Court of Criminal Appeals has addressed whether, on appeal from an adjudication of guilt, a defendant may complain of error in the original plea proceeding. *See Manuel v. State*, 994 S.W.2d 658, 659 (Tex.Crim.App.1999). In *Manuel*, the Court of Criminal Appeals held that a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in appeals taken when deferred adjudication community supervision is first imposed. *See id.* at 661; *Marshall v. State*, 995 S.W.2d 880, 881 (Tex. App.-Houston [1st Dist.] 1999, pet. ref'd). This includes complaints about the voluntariness of the prior plea of guilty and complaints of ineffective assistance of counsel. *See Jordan v. State*, 54 S.W.3d 783, 785 (Tex.Crim.App.2001) (reaffirming the holding of *Manuel*, and emphasizing that, although there may be some exceptions to the prohibition against attacking the original conviction upon revocation of deferred adjudication probation, "An involuntary plea does not constitute one of those very rare situations.").

Here, appellant could have appealed the order placing him on deferred adjudication at that time, and he could have raised at that time the points of error he attempts to raise now. Under *Manuel*, we are precluded from now hearing the merits of his first issue challenging the voluntariness of his plea via direct appeal. We dismiss appellant's first issue for lack of jurisdiction.

### Writ of Habeas Corpus

In his second issue, appellant contends the trial court erred by denying his application for a writ of habeas corpus. The Court of Criminal Appeals has stated that a writ of habeas corpus is a proper vehicle to challenge deferred adjudication probation proceedings, noting that,

a writ of habeas corpus may be filed under Article 11.08 or 11.09 even though a person has not been finally convicted of an offense. *Nothing prevents the probationer from filing an Article 11.08 or 11.09 writ application after the State has filed a motion to revoke*, and nothing prevents the trial court from considering the application along with the State's motion to revoke probation.

*Jordan v. State*, 54 S.W.3d 783, 786 (Tex. Crim.App.2001) (emphasis added). This is precisely what has occurred here. Appellant's application for a writ of habeas corpus was filed shortly after the State's motion to adjudicate his guilt, and the court considered both the appellant's application and the State's motion after the jury found appellant guilty on the charge of evading arrest. The trial court heard testimony from appellant's probation officer on the terms of his probation, then heard testimony regarding the voluntariness of appellant's original guilty plea. Appellant offered testimony from the Houston Police Department officers who participated in the 1999 search of his mother's house that led to appellant being charged with possession of cocaine with intent to distribute, and appellant's trial counsel testified about the circumstances under which appellant entered his guilty plea.

In his application for a writ of habeas corpus, and on appeal, appellant argues his plea was involuntary due to his trial counsel's failure to adequately explain possible

weaknesses in the State's case to him. Specifically, appellant complains that his trial counsel's failure to advise him that (1) the police possibly exceeded the scope of the warrant authorizing the search of his mother's house on June 2, 1999 by searching the garage; (2) the short amount of time that elapsed between the officer's knocking on the front door and their forced entry into the home was a possible "no knock" violation of the Fourth Amendment; (3) appellant's absence from his mother's house at the onset of the search may have presented a question at trial as to whether there was sufficient evidence linking appellant to the drugs found in the house; and (4) the evidence collected during the search of the appellant's mother's house and the search of his car may not have been sufficient evidence to convict him beyond a reasonable doubt of possession of cocaine with an intent to distribute. Appellant contends this failure to advise him amounted to ineffective assistance of counsel.

■ In reviewing claims of ineffective assistance of counsel, we employ the standard of review set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Hernandez v. State*, 988 S.W.2d 770, 772 (Tex.Crim.App. 1999) (holding *Strickland* two prong test applies to ineffective assistance claims throughout trial, including punishment). When a defendant challenges the voluntariness of a plea entered upon the advice of counsel, contending that his counsel was ineffective, "the voluntariness of the plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Ex Parte Moody*, 991 S.W.2d 856, 857–58 (Tex.Crim.App.1999). As with other types of ineffective assistance of counsel claims,

appellant has the burden to show, by a preponderance of the evidence, that counsel's performance fell below a reasonable standard of competence and that appellant would, with a reasonable probability, have pled not guilty and insisted on going to trial had he been properly advised. *Moody*, 991 S.W.2d at 858. In addition, appellant also has the burden to prove that his trial counsel's actions were not the result of "sound trial strategy." *Saldano v. State*, 70 S.W.3d 873, 885 (Tex.Crim. App.2002). In reviewing the decision of the habeas court, we review the findings in the light most favorable to the ruling and uphold the decision absent an abuse of discretion. *Id.*

Here, we do not find that the trial court abused its discretion by denying appellant's application for a writ of habeas corpus. Reviewing the entire record in the light most favorable to the conviction, we do not find that appellant has established either that (1) his trial counsel's performance fell below the minimum performance standards mandated by the first prong of *Strickland*, or (2) that the actions taken by his trial counsel were not the result of sound trial strategy.

In evaluating the effectiveness of counsel under the first prong of *Strickland*, the totality of the representation and the particular circumstances of each case are reviewed. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App.1999). The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *Strickland*, 466 U.S. at 688–89, 104 S.Ct. at 2065. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690, 104 S.Ct. at 2066. Scrutiny of counsel's performance must be highly deferential, and ev-

ery effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689, 104 S.Ct. at 2065.

■ In this case, appellant's trial counsel testified that he did not explain the possibility of pursuing a motion to suppress the evidence recovered from the search of the house, garage and car to appellant because, in light of the accumulation of evidence against appellant there was a very real possibility that more charges would be brought if a motion to suppress was successful. Additionally, appellant's trial counsel testified that appellant expressed a desire to avoid Boot Camp as a condition of his deferred adjudication, and appellant's trial counsel believed that pursuing a motion to suppress would increase the likelihood that appellant would receive Boot Camp as a condition of his probation. Appellant testified that, had his trial counsel adequately explained the law surrounding his case to him, he would not have entered a guilty plea, but would instead have insisted on a trial.

We cannot say that the trial court abused its discretion in denying appellant's application for a writ of habeas corpus. Appellant did not establish by a preponderance of the evidence that the actions taken by his trial counsel, which culminated in the entry of a guilty plea by appellant in return for receiving deferred adjudication community supervision, fell below prevailing professional norms, nor did appellant establish by a preponderance of the evidence that the actions taken by his trial counsel were not the result of a sound trial strategy. Accordingly, we affirm the trial court's denial of appellant's application for a writ of habeas corpus and overrule appellant's second issue.

### Sufficiency of the Evidence

■ In his third issue, appellant challenges the legal sufficiency of the evidence supporting his conviction for evading arrest by contending that the underlying attempt to detain him was unlawful, and that his conviction for attempting to evade a lawful arrest or detention cannot therefore be supported. Appellant argues the attempt to detain him was unlawful because there is no way that the police officers could have known whether or not he was actually violating a traffic law at the time they directed him to pull over. The thrust of appellant's argument is that, because the police officers saw only the front of the car appellant was driving, they could not have been certain that appellant was not displaying a valid dealer license plate, and they therefore could not have had probable cause to arrest appellant, nor could they have formed reasonable suspicion sufficient to detain appellant.[4] The State concedes that, unless the officers had formed either probable cause to arrest appellant or had reasonable suspicion sufficient to detain him at the time they directed appellant to stop, the subsequent arrest for evading arrest was invalid.

When reviewing the legal sufficiency of the evidence, we review the evidence in the light most favorable to the conviction and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560

---

4. It is a misdemeanor offense to operate an automobile on a public highway if that automobile does not display a properly validated license plate at both the front and the rear of the car. Tex. Trans. Code Ann. §§ 502.404(a) & (b) (Vernon 2001). The one exception to

articles 502.404(a) and (b), provided under the same chapter, is if the automobile is operated by a dealer who is displaying paper dealer license plates in accordance with article 503.062. Tex. Trans. Code Ann. § 502.404(d) (Vernon 2001).

(1979); *King v. State,* 29 S.W.3d 556, 563 (Tex.Crim.App.2000).

 A person commits the felony offense of evading arrest if he intentionally flees, in a vehicle, from a person he knows is a peace officer lawfully attempting to arrest or detain him. TEX. PENAL CODE § 38.04(a) & (b) (Vernon 2001). The lawfulness of the attempted detention is an element of the offense that must be proven by the State. *Cook v. State,* 1 S.W.3d 722, 726 (Tex.App.El Paso 1999); *Reese v. State,* 846 S.W.2d 351, 353 (Tex.App.Tyler 1992, pet. ref'd). A detention for the purpose of investigating possible criminal behavior is lawful where the police officer can point to specific and articulable facts that, taken together with rational inferences from those facts, reasonably warrant the intrusion. *Terry v. Ohio,* 392 U.S. 1, 30, 88 S.Ct. 1868, 1884–85, 20 L.Ed.2d 889 (1968); *Garcia v. State,* 43 S.W.3d 527, 530 (Tex.Crim.App.2001).

In this case, the jury heard testimony that, during evening patrols in their marked police car, Officer Englehardt and his partner came upon appellant and two passengers driving in a car without a front license plate, and Officer Englehardt believed that appellant was committing a violation of traffic laws by driving without a front license plate. Our review of the evidence, in the light most favorable to the conviction, reveals that the State presented sufficient evidence to enable a rational juror to conclude beyond a reasonable doubt that the police officers had reasonable suspicion which justified their attempt to detain appellant. Accordingly, we overrule appellant's third issue and affirm his conviction for evading arrest.

### Conclusion

We dismiss appellant's direct appeal of the trial court's adjudication of his guilt for lack of jurisdiction, we affirm the trial court's denial of appellant's application for a writ of habeas corpus, and we affirm appellant's conviction for evading arrest.