Opinion issued December 22, 2005



















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-05-00200-CR
__________
 
SEBASTIAN YAMAS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause No. 460136
 

 
 
MEMORANDUM OPINION
          Appellant, Sebastian Yamas, pleaded nolo contendere to the offense of
aggravated sexual assault of a child,


 without an agreed punishment recommendation
from the State. The trial court deferred adjudication of appellant’s guilt and placed
him on community supervision for ten years. The State subsequently filed a motion
to adjudicate appellant’s guilt based on allegations that appellant violated the terms
and conditions of community supervision by failing to participate in an approved
sexual offender treatment program. Appellant consented to the entry of a “stipulation
of evidence,” admitting that an adjudication of his guilt had been deferred, he had
been placed on community supervision for ten years, and he had violated the terms
and conditions of community supervision by failing to participate in sex offender
counseling. Appellant and the State entered a plea bargain agreement whereby the
State recommended appellant’s punishment be assessed at confinement for six years
in exchange for appellant’s above stipulation. The trial court admonished appellant,



and, based on appellant’s plea, adjudicated appellant guilty and sentenced him to
confinement for six years.
          Appellant’s appellate counsel filed an Anders


 brief stating that, based on her
review of the record, appellant’s pleas of no contest and true were freely and
voluntarily entered, that appellant was properly admonished, and that there was no
indication in the record that appellant’s counsel acted ineffectively. 
          Appellant proceeds pro se, contending that he “never admitted guilt on this
case” and that he “was lied to” by the lawyer representing him in the trial court. He
asserts that his lawyer did not tell him that he had “signed for probation until three
days after [he] was released” and that the forms he was signing were “for his release.”
Appellant states that his lawyer did not inform him of “having signed for probation
until [appellant] went [to his lawyer’s office] to pay him the balance of his fee.” 
Finally, appellant contends that, in reviewing his file, he noticed that his lawyer had
filed a motion to receive funds to hire an interpreter, that there was “never an
interpreter present” during their conversations, and that this “represents a sole
monetary interest on [the lawyer’s] behalf and not a total interest on [appellant’s] well
being or [appellant’s] best interest.” Based on the above contentions, appellant
requested that his case “be reopened” so that he “may properly be tried.”
          Appellant’s brief may be fairly interpreted to present two issues, the first
concerning the voluntariness of his plea and the second concerning the effectiveness
of his counsel in the deferred adjudication proceedings. 
          However, in this direct appeal, appellant may not now raise issues relating to
his original deferred adjudication proceeding. A defendant placed on deferred
adjudication may raise issues relating to the original plea proceeding only in appeals
taken when deferred adjudication is first imposed. Manuel v. State, 994 S.W.2d 658,
661–62 (Tex. Crim. App. 1999). This includes complaints about the voluntariness
of the prior plea of guilty or nolo contendere and complaints of ineffective assistance
of counsel. Jordan v. State, 54 S.W.3d 783, 785 (Tex. Crim. App. 2001); Guillory
v. State, 99 S.W.3d 735, 738 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d).


 
          Thus, we lack jurisdiction over appellant’s appeal.
Conclusion
          We dismiss the appeal for lack of jurisdiction.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).