Opinion filed February 23, 2006 












 
 
  
 
 







 
 
  
 
 




Opinion filed February 23, 2006 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00229-CR 

 

                                                    __________

 

                                JOHN
BRANDON OLIVER, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 39th District Court

 

                                                  Throckmorton
County, Texas

 

                                                 Trial
Court Cause No. 1161-A-1

 



 

                                                                   O
P I N I O N

This is
an appeal pursuant to Tex. R. App. P. 31
from the trial court=s order denying John Brandon Oliver=s petition for writ of habeas corpus filed
pursuant to Tex. Code Crim. Proc. Ann. art.
11.072 (Vernon 2005).  We affirm.








Appellant
originally entered a plea of guilty to the offense of aggravated sexual assault
of a child by penetrating the female sexual organ of the child with his
finger.  Pursuant to the plea bargain
agreement, the trial court on November 30, 2004, deferred the adjudication of
appellant=s guilt, placed appellant on community
supervision for ten years, and imposed a $1,000 fine.  On January 24, 2005, appellant filed a
petition for writ of habeas corpus challenging the legal validity of the order
placing him on community supervision. 
Article 11.072, ' 2(b). 
Appellant challenged the voluntariness of his guilty plea on the grounds
that his trial counsel had erroneously informed him that he could be released
from community supervision early and that he would only have to register as a
sex offender during the time he was on community supervision.

On
appeal, appellant continues to raise the voluntariness of his plea.  In three points of error, appellant contends
that his plea was involuntary and unknowing because his trial counsel induced
his plea with erroneous advice that he would not be required to register after
his community supervision had expired, because trial counsel induced his plea
with erroneous advice that he could seek early release from his community
supervision, and because trial counsel gave incomplete and erroneous
information concerning the possible application of Texas law to a
juvenile.  The record before this court
does not support these contentions. 








At the
hearing on the petition for writ of habeas corpus, both the State and appellant
presented testimony.   Charles Grantham,
appellant=s counsel at trial, testified that he had
indicated to appellant that  the trial
court might grant a motion to release him before the ten years had expired if
he was successfully complying with the terms and conditions of his community
supervision.  Grantham also
testified that he was unaware that, in accepting the plea bargain, the law
would require lifelong registration. 
Grantham further stated that the written admonishments stated that
appellant would have to register past the term of his community supervision,
that he went through the written admonishments page by page with appellant and
his parents, and that the written admonishments corrected any erroneous
information he may have given appellant and his parents. Both appellant and his
stepfather testified that they would not have agreed to the plea bargain if
they had known that appellant would have to register after his community
supervision had expired and that appellant would have to serve the entire ten
years on community supervision. 
Appellant testified that, while he did not read most of the plea papers,
he did read the admonishment as to registration. Appellant also testified that
he had signed the plea papers indicating that he had read and understood the
admonishments and that his plea was not influenced by any representations about
registration requirements or any promises concerning early release.  Ryan Peacock testified that he was employed
by the 39th Judicial District Community Supervision and Corrections Department
and that he supervised defendants who were placed on community supervision.  Peacock stated that he told appellant=s stepfather that he had checked with
the Community Justice Assistance Division and that, even on deferred, appellant
would have a lifelong registration requirement.

Article 11.072, '
6(b) provides that, in making its determination, the trial court may order a
hearing and may rely on its Apersonal
recollection.@  At the conclusion of the hearing, the trial
court stated:

All right, on reviewing, [Defense counsel], your
brief, and your case law, and the plea papers in this case and the evidence
presented here today, any misstatement of terms and conditions of probation
that were made, before your client executed any of these papers in which he
said they weren=t done, I
think he is bound by the written statements that he filed in Court, plus I
recall the verbal and oral plea and it was quite clear to me at that time that
he knew what he was doing in regard to this. 
In addition, it was pointed out that there are other things he signed
here that he understands that the Court can put whatever conditions on
probation or community supervision that is necessary. . . .He entered into a
plea bargain and I believe he told me that it was freely and voluntarily, and
willingly entered into, and he wanted me to accept that plea bargain and I did.

 

The trial court then denied the petition.

Pursuant to Rules 31.1 & 31.2, this appeal
will be determined upon the law and the record before this court.  The sole purpose is to do justice to the
parties, and any incidental questions will not be considered.  Rule 31.2. 


The record supports the trial court=s findings that appellant freely,
voluntarily, and willingly entered the plea bargain agreement. Appellant was
admonished both in writing and orally in open court pursuant to Tex. Code Crim. Pro. Ann. art. 26.13
(Vernon Supp. 2005).  Further, the record
does not support appellant=s
arguments that he was unaware of the consequences of his plea or that he was
misled or harmed.  Aquirre-Mata v.
State, 125 S.W.3d 473 (Tex. Crim. App. 2003); see Mitschke v. State,
129 S.W.3d 130, 136 (Tex. Crim. App. 2004). 
The first and second points are overruled.








The indictment alleges that the offense occurred
on May 15, 2002.  Almost three years
later at the habeas hearing on March 10, 2005, appellant testified that he was
twenty-one years old.  The record before
this court reflects on its face that appellant was at least eighteen years old
on the date alleged in the indictment. 
Further, Grantham testified at the habeas hearing that he had discussed
the application of juvenile law with appellant. 
The third point is overruled.

To the extent that appellant is challenging the
effectiveness of trial counsel, those contentions are also overruled.  The record does not reflect that the trial
court abused its discretion by denying appellant=s
petition for writ of habeas corpus.  Guillory
v. State, 99 S.W.3d 735 (Tex. App. - Houston [1st Dist.] 2003, pet. ref=d). 
The record does not support appellant=s
contention that there is a reasonable probability that the result would have
been different but for any possible errors on counsel=s
part.  Strickland v. Washington, 466
U.S. 668 (1984); Hernandez v. State, 988 S.W.2d 770 (Tex. Crim. App.
1999).  Further, the record does not
reflect that there is a reasonable probability that, but for any possible
error, appellant would have not pleaded guilty but would have insisted on going
to trial.  Hill v. Lockhart, 474
U.S. 52 (1985); Kober v. State, 988 S.W.2d 230, 232 (Tex. Crim. App.
1999); Ex parte Morrow, 952 S.W.2d 530 (Tex. Crim. App. 1997), cert.
den=d, 525
U.S. 810 (1998).

The order is affirmed.

 

PER CURIAM

 

February 23, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.