Opinion issued October 23, 2008 









Opinion issued October 23,
2008


 

 

 

 

 








 

     

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-07-00887-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



HECTOR MANUEL CASTILLO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 174th District Court

Harris County, Texas

Trial Court Cause No. 83229








 



MEMORANDUM OPINION

          On February 9, 2000, appellant
Hector Manuel Castillo pleaded guilty to the offense of indecency with a child,
in accordance with a plea bargain with the State.  The trial court deferred
adjudication and placed Castillo on community supervision for five years. 
Castillo did not appeal from this plea.  Castillo subsequently failed to meet
the terms of his community supervision by failing to meet with his community
supervision officer and by failing to register as a sex offender.  On March 9,
2000, the State moved to adjudicate Castillo’s guilt.  After an absence from
the jurisdiction, Castillo returned, and the trial court heard the motion to adjudicate
on October 11, 2007.  Castillo pleaded “true” to the allegations contained in
the State’s motion.  The trial court found Castillo guilty, and assessed
punishment at ten years’ confinement in the Institutional Division of the Texas
Department of Criminal Justice.  Castillo filed his notice of appeal on the
same day.

          In a single issue, Castillo
appeals his conviction, asserting that, because he failed to initial all of the
admonishments in his original guilty plea, the plea was involuntary.  Specifically,
Castillo notes that he failed to initial the admonishment that waived his right
to have the trial court order a presentence investigation report, and further
contends that the trial court did not orally admonish him.  We dismiss the
appeal for lack of jurisdiction.

Discussion

          Castillo’s appeal as to the
voluntariness of his guilty plea to the original charge is untimely.  See
Tex. Code Crim. Proc. Ann. art.
42.12, § 5(b) (Vernon 2007); Manuel v. State, 994 S.W.2d 658, 661–62
(Tex. Crim. App. 1999).  A defendant placed on deferred adjudication community
supervision may raise issues related to the original plea proceeding only if he
appeals at the time the trial court initially imposes deferred adjudication
community supervision.  Manuel, 994 S.W.2d at 661–62; Guillory v.
State, 99 S.W.3d 735, 738 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d). 
The Court of Criminal Appeals in Nix v. State, 65 S.W.3d 664, 667–68 (Tex. Crim. App. 2001), recognized two exceptions to the general rule:  (1) the void
judgment exception, and (2) the habeas corpus exception.  Castillo’s complaint
regarding admonishments does not fit within either of these exceptions: he does
not contend that the original judgment is void, and Castillo’s appeal is not a
request for a writ of habeas corpus.  

In particular, complaints about the
voluntariness of the original guilty plea may be raised in an appeal taken when
deferred adjudication is first imposed. Clark v. State, 997 S.W.2d 365,
368–69 (Tex. App.—Dallas 1999, no pet.); Robinson v. State, 2002 WL
31122764 at *1 (Tex. App.—Houston [1st Dist.] 2002, no pet.).  Castillo’s
ancillary claim that the trial court’s failure to admonish him regarding his
waiver of the right to a presentence investigation report evidences a denial of
his right to effective assistance of counsel is similarly within the rule.  See
Cozzi v. State, 160 S.W.3d 638, 640 (Tex. App.—Fort Worth 2005, pet. ref’d)
(holding claim of ineffective assistance of counsel
at time of guilty plea must be raised in appeal from order placing appellant on
deferred adjudication community supervision, not after guilt is adjudicated); Webb v. State, 20 S.W.3d 834, 836 (Tex. App.—Amarillo
2000, no pet.) (same).

Conclusion

          We hold that Castillo’s failure to
appeal at the proper time precludes us from considering his sole issue. 
Therefore, we dismiss the appeal for lack of jurisdiction.

          

                                                          Jane Bland

                                                          Justice

 

Panel consists of Justices Jennings,
Hanks, and Bland.

Do not publish.  Tex. R. App. P. 47.4.