Opinion issued August 12, 2010



 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of
Texas

 



 

NO. 01-08-00698-CR

 



 

CHARLES RAY CHEW, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd District Court








Harris County, Texas

Trial Court Cause No. 1147949

 



 

MEMORANDUM OPINION

In one issue, appellant Charles Ray
Chew contests the voluntariness of his decision not to appeal an order
deferring adjudication because of an allegedly erroneous certification of his
right to appeal.  Because the trial court
later adjudicated Chew guilty of the offense, Chew has waived his right to
challenge the original plea proceeding. 
We dismiss Chew’s appeal for want of jurisdiction.

Background

Chew pleaded guilty, without an
agreed recommendation, to possession with intent to deliver cocaine weighing
between 4 and 200 grams.  See Tex.
Health & Safety Code Ann. §§ 481.102(3)(D), 481.112(a), (d) (Vernon 2010).
 Chew also pleaded true to one prior
felony conviction for possession of a controlled substance. The trial court ordered
deferred adjudication with 10 years’ community supervision. The trial court’s
certification of Chew’s right to appeal stated that this was “a plea bargain
case, and the defendant has NO right of appeal.”

Approximately three months later, the
State filed a motion to adjudicate, alleging that Chew failed to comply with
certain conditions of community supervision: specifically, Chew was discharged
from a residential substance-abuse-treatment program for failure to follow the
rules.  Chew pleaded not true to the
motion to adjudicate.

The trial court adjudicated Chew
guilty of possession with intent to deliver cocaine weighing between 4 and 200
grams and sentenced him to 25 years’ confinement.  The trial court certified that this was not a
plea-bargain case and that Chew had the right to appeal.  Chew filed a motion for new trial, alleging
that he had failed in his substance-abuse-treatment program because he was
denied anxiety medication and was thus incompetent.  This motion was overruled by operation of
law.  Chew filed a notice of appeal.

Appeal Relating to
Order Deferring Adjudication

In his sole issue, Chew complains
that his failure to appeal the order deferring adjudication and the specific
conditions imposed was involuntary because the trial court’s certification of
his right to appeal erroneously stated that his case was a plea-bargain case
and he had no right to appeal.  Chew
argues that but for the trial court’s erroneous certification of his right to
appeal, he could have challenged the drug-treatment condition of his community
supervision.  (Chew wanted to go to a
different drug-treatment program instead of the one from which he was
discharged, leading to his adjudication on the drug possession offense.)  

Chew now appeals from the judgment
adjudicating his guilt; he has waived any complaints arising from the original
plea proceeding.  We lack jurisdiction to
consider the voluntariness of Chew’s inaction in failing to appeal from the
original plea proceeding.  See Guillory v. State, 99 S.W.3d 735,
738 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d).  “[A] defendant placed on deferred
adjudication community supervision may raise issues relating to the original
plea proceeding, such as evidentiary sufficiency, only in appeals taken when
deferred adjudication community supervision is first imposed.”  Manuel
v. State, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999); Guillory, 99 S.W.3d at 738.  Manuel has
been construed as obliging a defendant to appeal any issue relating to the
original plea hearing at the time he is placed on deferred adjudication.  Webb v.
State, 20 S.W.3d 834, 836 (Tex. App.—Amarillo 2000, no pet.).  

Chew argues that because there was no
agreed recommendation as to punishment at the original plea proceeding, he did
not waive his right to appeal.  We agree
that the trial court’s certification to the contrary was erroneous.  Nevertheless, Chew could have appealed from
the order placing him on deferred adjudication and sought an amendment to the
trial court’s certification of his right to appeal.  See
Wilkerson v. State, 264 S.W.3d 102,
103 (Tex. App.—Houston [1st Dist.] 2007) (memorandum order) (requiring trial
court to correct defective certification that erroneously denied defendant’s
right to appeal).  Indeed, the Rules of
Appellate Procedure contemplate that mistakes may occur when a trial court
certifies a defendant’s right to appeal and allow for amendment of such a
certification.  Tex. R. App. P. 25.2(f) (“An amended notice of appeal or
trial court’s certification of the defendant’s right of appeal correcting a
defect or omission in an earlier filed notice or certification, including a
defect in the notification of the defendant’s appellate rights, may be filed in
the appellate court in accordance with Rule 37.1, or at any time before the
appealing party’s brief is filed if the court of appeals has not used Rule
37.1.”).

Chew did not challenge the order
deferring adjudication or the community-supervision conditions it imposed, and
he may not do so now.  See Manuel, 994 S.W.2d at 661–62; Guillory, 99 S.W.3d at 738.  We dismiss Chew’s sole issue for lack of
jurisdiction.

Conclusion

          We
dismiss this appeal for lack of jurisdiction.

 

 

 

Michael
Massengale

Justice

 

Panel consists of
Justices Keyes, Sharp, and Massengale.

 

Do not
publish.  Tex. R. App. P. 47.2(b).