In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-11-00180-CR
_____

CULLEN ASHTON TODD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 221st District Court
Montgomery County, Texas
Trial Cause No. 10-05-04679-CR

**MEMORANDUM OPINION**

Cullen Ashton Todd pleaded guilty to theft from an elderly individual. The trial court found the evidence sufficient to find Todd guilty, but deferred further proceedings and placed Todd on community supervision for two years. The State subsequently filed a motion to adjudicate. Todd filed a petition for habeas corpus on grounds that his guilty plea was involuntary and, after a hearing, the trial court denied Todd's petition. At a subsequent revocation hearing, Todd pleaded "not true" to the State's allegations. After hearing evidence, the trial court revoked

1

Todd's community supervision and sentenced Todd to two years in state jail. On appeal, Todd challenges the denial of his petition for habeas corpus and the trial court's failure to issue findings of fact and conclusions of law. We affirm the trial court's order.

## Habeas Corpus

In issues one and two, Todd contends that the trial court abused its discretion by denying his application for writ of habeas corpus because his trial counsel rendered ineffective assistance, which made his guilty plea involuntary. We review a trial court's denial of an application for writ of habeas corpus for abuse of discretion. *Ex parte Klem*, 269 S.W.3d 711, 718 (Tex. App.—Beaumont 2008, pet. ref'd). We consider the entire record and review the facts in the light most favorable to the trial court's ruling. *Id*. We afford almost total deference to the trial court's determination of historical facts supported by the record, especially those findings that are based on an evaluation of credibility and demeanor. *Id*. We afford the same deference to the trial court's rulings on application of law to fact questions when resolution of those questions turns on an evaluation of credibility and demeanor. *Id*. We review the determination *de novo* when resolution of those questions turns on an application of legal standards. *Id*. A guilty plea is considered voluntary if the defendant was made fully aware of the direct consequences of his

plea. *Id.* at 719. When attacking a guilty plea on the basis of ineffective assistance of counsel, the defendant must show that counsel's alleged deficiencies resulted in the plea being unknowingly and involuntarily made. *Id.* at 718.

Todd was charged with stealing a television, valued at $500 to $1500, from his grandfather. At the habeas corpus hearing, Todd's grandmother testified that the television cost approximately $500. She testified that, today, the same television costs under $500 and she did not believe it could be sold for $500 or more. Todd testified that he told defense counsel that the television's value was $400 to $450 and that the offense should be a misdemeanor, not a felony. According to Todd, counsel stated that the offense could not be reduced and that two years of deferred adjudication was a good deal. Todd testified that, based on this advice, he chose to accept the plea and felt he had no other choice. Todd feared that he would receive a greater sentence if he chose not to accept the offer. When he pleaded guilty, Todd believed his attorney had done a good job, but he later changed his mind after speaking with his family.

Defense counsel testified that she was told the television cost less than $500, which she explained would change the range of punishment. Counsel testified that the State had a receipt for the television that showed a purchase price of $587.80. Counsel explained that she wanted the State to consider reducing the offense to a

3

misdemeanor and placing Todd on deferred adjudication, but the prosecutor would not do so in light of the receipt provided by the complainant. Counsel testified that she was still able to obtain deferred adjudication for Todd and that, although deferred adjudication can last up to five years for a state jail felony, Todd only received two years. She testified that she would never ask a trial court to accept a plea that she believed to be involuntary.

On appeal, Todd contends that he could not be convicted of a state jail felony if the television was worth less than $500. Todd argues that defense counsel based her advice on a receipt for the original purchase price of the television, rather than the television's fair market value. According to Todd, defense counsel rendered ineffective assistance by failing to sufficiently investigate the facts of the case before advising Todd to plead guilty and that, consequently, his guilty plea was involuntary.

"An attorney advises a client based upon an evaluation of numerous factors and considerations." *Ex parte Niswanger*, 335 S.W.3d 611, 616 (Tex. Crim. App. 2011). "[C]ompetent advice requires that an attorney conduct independent legal and factual investigations sufficient to enable him to have a firm command of the case and the relationship between the facts and each element of the offense." *Id.* at 615. Because the offense in this case was committed against an elderly individual,

theft of property exceeding $500 was a state jail felony, while theft of property valued less than $500 was a misdemeanor. *See* Tex. Penal Code Ann. § 31.03(e)(3), (f)(3)(A) (West Supp. 2012). Retail price, sale price, the owner's opinion of value, or expert testimony can be used to establish fair market value. *See Keeton v. State,* 803 S.W.2d 304, 305 (Tex. Crim. App. 1991); *see also* Tex. Penal Code Ann. § 31.08 (West 2011).

The record does not support Todd's contention that defense counsel failed to sufficiently investigate the facts. Rather, the record indicates that Todd's defense counsel attempted to convince the State to reduce the charge to a misdemeanor on grounds that the television's value was less than $500, but the State chose to proceed in light of the complainant's receipt reflecting the television's value. Defense counsel presented the State's plea offer to Todd and Todd accepted the offer. When entering his plea, Todd stated that he understood the range of punishment, had reviewed the plea papers with defense counsel, understood that he was waiving his rights to a jury trial and to an appeal, stated that he pleaded guilty voluntarily, and affirmed that defense counsel did a good job. The trial court explained to Todd that if he successfully completed deferred adjudication, the case would be dismissed and the conviction would not appear on his record, which Todd acknowledged he understood.

5

The record demonstrates that Todd was made fully aware of the consequences of his plea. *See Klem,* 269 S.W.3d at 719. Had Todd decided not to plead guilty and proceeded to trial, he could have been convicted of theft even if the jury determined the value of the television to be less than $500. However, had Todd successfully completed deferred adjudication, there would have been no conviction and the case would have been dismissed. *See Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004) (A defendant reaps the benefit of deferred adjudication if community supervision is successfully completed; the proceedings are dismissed, the defendant is discharged, and the defendant is deemed not to have a conviction for many purposes.).

Under the circumstances of this case, we conclude that Todd has not overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, *i.e.*, that counsel's actions might be considered sound trial strategy. *See Niswanger*, 335 S.W.3d at 615; *see also Guillory v. State*, 99 S.W.3d 735, 740 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) (Appellant failed to establish that his counsel's actions, which culminated in the entry of a guilty plea in return for deferred adjudication community supervision, fell below prevailing professional norms or were not the result of a

sound trial strategy.). The trial court did not abuse its discretion by denying Todd's petition for writ of habeas corpus. We overrule issues one and two.

Findings of Fact and Conclusions of Law

In a third issue, Todd contends that the trial court violated his due process rights by failing to make written findings of fact and conclusions of law as requested by Todd. When requested, the court should make specific findings as to the basis for revocation. *Whisenant v. State*, 557 S.W.2d 102, 105 (Tex. Crim. App. 1977); *Reasor v. State*, 281 S.W.3d 129, 136 (Tex. App.—San Antonio 2008, pet. ref'd). The trial court's failure to make the requested findings may require reversal if their omission impedes appellate review of the revocation. *Reasor*, 281 S.W.3d at 136.

Todd requested findings of fact and conclusions of law from the trial court regarding its judgment adjudicating guilt. Todd subsequently filed a notice of past due findings. The judgment states, "Defendant violated the terms and conditions of community supervision set out in the State's Amended Motion to Adjudicate Guilt as follows: I, II, III, IV, V, and VI[.]" A trial court is not required to issue separate findings if the judgment discloses the grounds for revocation found by the trial court. *Id.* Because the trial court's judgment identifies which of the State's allegations served as the basis for its revocation decision, we conclude that the trial

court was not required to issue findings of fact and conclusions of law and its failure to do so did not impede appellate review. *See id.* We overrule this issue and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on March 13, 2013
Opinion Delivered March 27, 2013
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.