Opinion issued August 23, 2018



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00657-CR

————————————

**SAMMY JAY RIDDLE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 253rd District Court**
**Chambers County, Texas**
**Trial Court Case No. 17477**

---

## MEMORANDUM OPINION

Appellant Sammy Jay Riddle pleaded guilty to the offense of aggravated sexual assault of a child and was placed on deferred-adjudication community supervision. After Riddle violated the conditions of his community supervision, the trial court adjudicated his guilt and sentenced him to 54 years in prison. On direct

appeal, Riddle claims that his guilty plea resulted from ineffective assistance of counsel.

Under established precedents, Riddle is not permitted to raise errors on direct appeal from the adjudication of his guilt relating to the proceedings that preceded his guilty plea and placement on deferred-adjudication community supervision. Accordingly, we affirm the judgment of the trial court.

## Background

Appellant Sammy Jay Riddle was indicted for the offenses of aggravated sexual assault of a child. *See* TEX. PENAL CODE § 22.021. Almost two years later, he was indicted for the offense of continuous sexual abuse of a young child. *See id.* § 21.02. The second case was set for trial, but after a jury was selected, Riddle and the State reached a plea agreement. As part of the agreement, Riddle pleaded guilty to the charge of aggravated sexual assault of a child. In exchange, the State recommended a deferred adjudication on that charge and a dismissal of the remaining charge of continuous sexual abuse of a young child. The court accepted Riddle's guilty plea, and it found that the evidence supported a guilty finding. It deferred adjudication and placed Riddle on community supervision for ten years.

The State subsequently filed a motion to revoke community supervision. After a hearing, the court determined that Riddle had committed twenty violations of the conditions of his community supervision. Riddle then was adjudicated guilty

2

and sentenced to 54 years in prison for the offense of aggravated sexual assault of a child.

After appointment of appellate counsel, Riddle filed a motion for a new trial, alleging ineffective assistance of counsel relating to the circumstances of his plea bargain. He claimed that his guilty plea was neither knowing nor voluntary because his trial counsel never informed him of a misdemeanor plea-bargain offer made by the State. Riddle contended that had he been aware of the offer, he would have accepted it, and thus his guilty plea was the result of ineffective assistance of trial counsel.

Riddle attached to his motion for new trial the affidavit of his trial counsel, Robert G. Turner. Turner stated that, in September 2015, before Riddle was indicted for the offenses of continuous sexual abuse offense, the State called him and suggested a resolution of the case that would involve a misdemeanor plea. Additional details were not discussed or finalized during the call. Turner further stated that, at the time, he was waiting to receive information from a private investigator who was working on the case. Riddle was indicted for the offense of continuous sexual assault of a child approximately one month after the State's call to Turner. The affidavit stated that Turner had first informed Riddle of the potential misdemeanor-plea agreement after the second indictment, at which point the offer had been withdrawn.

The trial court did not grant a requested hearing on the motion for new trial, which was denied by operation of law. Riddle appeals.

**Analysis**

Riddle contends that he received ineffective assistance from his trial counsel in three respects: failure to timely advise him of the misdemeanor-plea offer; failure to withdraw after a conflict of interest developed because of counsel's failure to communicate the misdemeanor-plea offer; and failure to raise the issue of the misdemeanor-plea offer in subsequent proceedings. Riddle claims that his guilty plea was neither knowing nor voluntary and that his plea and placement on deferred-adjudication community supervision resulted from ineffective assistance of counsel. He also argues that the trial court erred by denying him a hearing on his motion for new trial and by not granting him a new trial.

A defendant who is placed on deferred-adjudication community supervision may raise issues of error in the original plea proceeding only through a timely appeal after community supervision is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). This includes issues relating to both the voluntariness of the guilty plea and claims of ineffective assistance of counsel. *Gavin v. State*, 404 S.W.3d 597, 605 (Tex. App.—Houston [1st Dist.] 2010, no pet.); *Guillory v. State*, 99 S.W.3d 735, 738 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd).

4

Riddle could have appealed from the order placing him on deferred adjudication community supervision when the order was initially imposed. *See* TEX. CODE CRIM. PROC. art. 44.01(j); *Manuel*, 994 S.W.2d at 661. The State filed its motion to revoke community supervision three months after Riddle's plea, and it was not until after he was adjudicated guilty and sentenced to prison that he raised the claim that his guilty plea resulted from ineffective assistance of counsel. But under the law applicable to this appeal, a defendant who pleads guilty to a felony, is placed on deferred adjudication community supervision, and is later adjudicated guilty may not complain on appeal of error in the original plea proceeding. *See Manuel*, 994 S.W.2d at 661-62; *Gavin*, 404 S.W.3d at 605; *Guillory*, 99 S.W.3d at 738. The application of this rule is dispositive of Riddle's claims on appeal, all of which relate to allegations of ineffective assistance resulting in the guilty plea.

## Conclusion

We affirm the judgment of the trial court.

Michael Massengale
Justice

Panel consists of Justices Jennings, Massengale, and Caughey.

Do not publish. TEX. R. APP. P. 47.2(b).

5