**Opinion issued November 25, 2025**



In The

# Court of Appeals

For The

# First District of Texas

―――――――――――――

## NO. 01-23-00858-CR

―――――――――――――

**BRANDON RAY LOZANO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 9**
**Harris County, Texas**
**Trial Court Case No. 2423602**

---

## MEMORANDUM OPINION

A jury convicted Brandon Ray Lozano of evading arrest or detention, a Class

A misdemeanor.[1] The trial court assessed punishment at ninety days in county jail,

time served.

---

[1] *See* TEX. PENAL CODE § 38.04(a).

Lozano argues on appeal that the evidence was insufficient to support his conviction, and that the trial court erred by allowing the jury to correct the verdict form after they had been discharged. We affirm.

**Background**

Houston Police Department Officer C. Aguilar was on patrol on September 10, 2022, when he received a call from dispatch of a suspicious person attempting to steal from the Family Dollar located near Shepherd Drive and Pinemont Drive. Approximately five to ten minutes after receiving the call, Officer Aguilar and his partner arrived on scene and spoke with a Family Dollar employee who provided a description of the suspicious person, i.e., "[t]hat he was wearing a black shirt with a white jersey and khaki shorts, and he was in possession of random tools from AutoZone." Based on the Family Dollar employee's description of the suspect, Officer Aguilar and his partner left Family Dollar and went to a nearby AutoZone, which was in the same parking lot as Family Dollar. Officer Aguilar described AutoZone has having bright orange shopping baskets.

After speaking with AutoZone employees about the whereabouts of the suspect, Officer Aguilar left AutoZone and got into his marked patrol vehicle. He drove northbound on Shepherd Drive for about ten to fifteen seconds until he saw a man, later identified as Lozano, walking on the sidewalk. Lozano was wearing "a

black shirt with a white jersey and khaki shorts" and matched the description given by the Family Dollar employee.

Officer Aguilar decided to stop Lozano and exited his patrol vehicle. As shown on Officer Aguilar's body-camera video, an orange shopping basket was on the ground in front of Lozano. Officer Aguilar—who was in uniform—ordered Lozano to "turn around and don't run." But Lozano ran. Officer Aguilar chased after him for about 100 feet, until Lozano tripped and fell to the ground. Officer Aguilar then took Lozano into custody.

Lozano was charged with evading arrest or detention. At trial, however, the verdict form submitted to the jury incorrectly asked the jury to find Lozano guilty (or not guilty) of the offense of resisting arrest. After the jury returned its verdict of guilty of resisting arrest, the trial court discharged the jury. Upon discovering the mistake, and after agreement from both defense counsel and the State, the trial court recalled the jury and sent back a corrected verdict form. The jury then found Lozano guilty of evading arrest or detention.

## Sufficiency of the Evidence

Lozano first argues that the evidence is insufficient to support his conviction for evading arrest or detention. Lozano challenges the sufficiency of the evidence to establish the lawfulness of the detention, a required element for the offense of

3

evading arrest or detention.[2] He asserts that the Family Dollar employee's description of the suspect was not properly before the jury because of timely, sustained objections by defense counsel, and therefore, there was no evidence before the jury to demonstrate a lawful detention. We disagree.

## A. Standard of Review

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). In assessing the legal sufficiency of the evidence under the *Jackson* standard, "we consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt." *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010) (citations omitted). When performing a sufficiency review, we must consider all the evidence presented to the jury—even if it was improperly admitted. *See Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016).

---

[2] Because Lozano challenges only this element of the offense, we do not address the sufficiency of the evidence to support any other element. *See, e.g.*, *Murray v. State*, 457 S.W.3d 446, 448 n.1 (Tex. Crim. App. 2015) ("We solely address the sufficiency of the evidence as it pertains to the element of 'operating' in the DWI statute because Appellant challenged only that element of the statute.").

4

In conducting our review, we defer to the responsibility of the factfinder to "fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.* (citations omitted). The jury, as the sole judge of the facts and credibility of the witnesses, may choose to believe or disbelieve any witness or any portion of their testimony. *Garcia v. State*, 667 S.W.3d 756, 762 (Tex. Crim. App. 2023). "When the record supports conflicting inferences, we presume that the jury resolved the conflicts in favor of the verdict and defer to that determination." *Merritt v. State*, 368 S.W.3d 516, 525–26 (Tex. Crim. App. 2012).

## B. Analysis

"A person commits an offense if he intentionally flees from a person he knows is a peace officer . . . attempting lawfully to arrest or detain him." TEX. PENAL CODE § 38.04(a); *Crawford v. State*, 355 S.W.3d 193, 196 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). The lawfulness of the attempted detention is an element of the offense that must be proven by the State. *Guillory v. State*, 99 S.W.3d 735, 741 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd). A police officer must have reasonable suspicion of criminal activity to begin an investigative detention. *See Terry v. Ohio*, 392 U.S. 1, 29 (1968); *Woods v. State*, 956 S.W.2d 33, 35 (Tex. Crim. App. 1997). "A detention for the purpose of investigating possible criminal behavior is lawful where the police officer can point to specific and articulable facts that, taken together

5

with rational inferences from those facts, reasonably warrant the intrusion." *Guillory*, 99 S.W.3d at 741 (citing *Terry*, 392 U.S. at 30, and *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001)).

Lozano contends that the testimony regarding the Family Dollar employee's description was ultimately excluded by the trial court following his counsel's objection and, therefore, cannot be considered as part of our sufficiency analysis. But in conducting a sufficiency analysis, we must consider *all* the evidence, whether properly or improperly admitted. *See Jenkins*, 493 S.W.3d at 599. Thus, whether the evidence was ultimately properly excluded by the trial court is irrelevant to this sufficiency analysis.[3] Here, the complained-of testimony was already before the jury before there was any objection to it. Therefore, we must consider it.

In considering all of the evidence in a light most favorable to the verdict, we conclude that Officer Aguilar had several articulable facts that, under the circumstances, supported a reasonable suspicion that Lozano was involved in some criminal activity. He fit the description given by the Family Dollar employee: he

---

[3] We note that defense counsel objected (based on the Confrontation Clause) only *after* Officer Aguilar testified to this description. "If a defendant fails to object until after an objectionable question has been asked and answered, and he can show no legitimate reason to justify the delay, his objection is untimely, and any claim of error is forfeited." *Luna v. State*, 268 S.W.3d 594, 604 (Tex. Crim. App. 2008). Additionally, although the trial court ultimately sustained defense counsel's Confrontation Clause objection, once the jury returned to the courtroom, defense counsel did not request that the trial court instruct the jury to disregard this testimony.

was wearing a black shirt, white jersey, and khaki pants. Lozano was also seen with an orange shopping basket—full of items—the same color as baskets from AutoZone. This too fit the description given by the Family Dollar employee that the suspect was "in possession of random tools from AutoZone." And he was seen walking near the Family Dollar within a short time after the incident was reported.

Our review of this evidence demonstrates that a rational juror could have concluded, based on the testimony and evidence presented, that Officer Aguilar had reasonable suspicion of wrongdoing justifying his attempt to detain Lozano. *See, e.g.*, *Thomas v. State*, 297 S.W.3d 458, 461–62 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) (holding that officer had reasonable suspicion to detain appellant for investigative purposes because he fit description of suspected robber and he was seen near location of robbery within one hour of robbery).

Accordingly, we hold there was sufficient evidence that Officer Aguilar's attempted detention was lawful and, in turn, that there was sufficient evidence supporting Lozano's conviction for evading arrest or detention.

**Error in the Verdict Form**

In three issues, Lozano challenges the trial court's decision to recall the jury—after it had been discharged—to sign a new, corrected verdict form. Lozano now contends that the trial court could not recall the jury after it had been discharged, that doing so introduced an extraneous offense, i.e., resisting arrest, that he had not

been accused of committing, and that the trial court impermissibly directed a verdict in favor of the State by not directing the jury to redeliberate. Because Lozano did not raise any of these objections in the trial court and instead received all the relief he asked for, we conclude that Lozano has preserved nothing for our review.

## A.    Relevant Facts

Lozano was charged by information with evading arrest or detention. And at trial, the jury was charged with the law on evading arrest or detention. The verdict form, however, incorrectly asked the jury to find Lozano either "not guilty" or "guilty of resisting arrest, as charged in the Information." The jury signed the verdict form indicating they found Lozano "guilty of resisting arrest, as charge in the Information." This verdict was pronounced in Lozano's presence at trial.

After the verdict was read, the trial court informed the jury that their "official responsibility in this case [wa]s now over" and released them. Shortly thereafter, the error in the verdict form was realized, and the following exchange occurred.

[Defense:]   If I may, Your Honor, I think it said "of resisting arrest," so I think that last page was not the one—

[State:]   I was also inquiring with him because I heard "resisting arrest," but I know the copy of the jury charge we got does say evading arrest or detention.

The Court:   What does yours say?

The Clerk:   The last page?

The Court:   Yes. It does. Are they still there?

The Bailiff:   Yes.

The Court:   Okay.  All right.  So let's bring them back in.

The Bailiff:   Okay.

The Court:   How about that?  And we'll just do it on the record.  I'm not sure—I didn't look at the verdict form.

[State:]   Defense, is your copy of the verdict form correct?  I just want to make sure.

[Defense:]   It says "Guilty of resisting arrest."

The Court:   So if we can just poll the jury one by one on guilty of evading arrest.  Okay?  And so—

[Defense:]   It says "evading arrest."

[State:]   That's what mine says.  I just wanted to make sure.

[Defense:]   Yeah.  Mine says "evading."

[State:]   I believe ours also says that.

The Court:   So as far as resolution, I can do one of two things.  One, bring them out and poll them on that evading arrest, or I can send back a new verdict form and just have the foreperson sign it.  What would you-all like to do?

[Defense:]   Send them back, Your Honor, so it's written.  That's what the Defense prefers.

The Court:   Any objection from the State?

[State:]   No objection from the State . . . .

. . . .

The Court:   I'm just sending back the verdict form.

[State:]   Oh, then no objections, Your Honor.

9

The Court:   I'm going to give it to you-all to review.  I'm going to print just the one page.  I'm going to print out two more so they can have a copy.

The Bailiff:   Should I give them a copy, Judge?

The Court:   Yes, one for both.

The Clerk:   You want me to replace the last page of that one?

The Court:   It probably needs to stay attached to it.

The Clerk:   Okay.

The Court:   Yeah. I wouldn't take it out.  Thank you. Or actually no. Any objection as to that one?

[Defense:]   No objection, Your Honor.

The Court:   Okay. I'm going to send that one back and ask the foreperson to sign.

[Defense:]   Okay.

## B.   Recalling the Jury

Lozano argues that the trial court erred when it recalled the discharged jury to sign a new verdict form.  He contends that the record is clear that the jury was dismissed and excused, and that they were sent out of the presence of the trial court before being recalled to sign a new verdict form.  According to Lozano, recalling the jury and directing them to sign a new verdict form under these circumstances was error and resulted in harm to him because he was convicted.

But Lozano fails to address the fact that he received all the relief that he requested at trial on this point.  The Texas Court of Criminal Appeals has held that

10

"a party may be estopped from asserting a claim that is inconsistent with that party's prior conduct." *Ruffins v. State*, 666 S.W.3d 636, 642 (Tex. Crim. App. 2023) (quoting *Arroyo v. State*, 117 S.W.3d 795, 798 (Tex. Crim. App. 2003)). Moreover, "[i]f a party affirmatively seeks action by the trial court, that party cannot later contend that the action was error." *Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999) (citation omitted). Indeed, "the law of invited error estops a party from making an appellate error of an action it induced." *Id.*

Here, the above exchange reflects that when asked by the trial court what his preferred course of action would be to address the error in the verdict form, Lozano, through defense counsel, stated: "Send them [the jury] back, Your Honor, so it's written. That's what the Defense prefers."

Not only did Lozano fail to object to the trial court recalling the jury and directing them to sign a new verdict form—he affirmatively told the trial court to take such action. Yet, he now complains about it on appeal. *See id.* at 529–32 (holding appellant, who had affirmatively requested that trial court not submit to jury one of special issues statutorily required for capital sentencing, was estopped from arguing on appeal that trial court erred in failing to submit this special issue).[4] At a

---

[4]     *See also Druery v. State*, 225 S.W.3d 491, 505–06 (Tex. Crim. App. 2007) (holding that appellant was estopped from bringing jury-charge complaint on appeal when he induced alleged error by requesting that trial court omit lesser-included instruction from charge).

11

minimum, Lozano's position on appeal is inconsistent with his prior position at trial on the very same issue. Lozano cannot have his cake and eat it too. *See Ruffins*, 666 S.W.3d at 643 (holding that because appellant affirmatively communicated to trial court that he was "good" with reasonable-doubt instruction, he accepted that instruction and was estopped from bringing jury-instruction complaint on appeal).

We therefore hold that Lozano is estopped from bringing this complaint on appeal. *See id.*; *Prystash*, 3 S.W.3d at 531–32.

## C. Extraneous Offense

Next, Lozano argues that the erroneous verdict form introduced an extraneous offense before the jury, which Lozano argues could not be objected to and cured with an instruction to disregard due to the time at which the error was discovered. But if this error was such that it was incurable by an instruction to disregard, an issue we do not decide, "the only suitable remedy is a mistrial, and a motion for a mistrial is the only essential prerequisite to presenting the complaint on appeal." *See Young v. State*, 137 S.W.3d 65, 70 (Tex. Crim. App. 2004).

Here, when the error in the verdict form was discovered, Lozano did not object on the basis that the erroneous verdict form introduced an extraneous offense, nor did he request an instruction to disregard or move for a mistrial. Instead, he affirmatively requested that the trial court send the jury back to sign a new, corrected

12

verdict form. The trial court did so and the jury returned a corrected, signed verdict form finding Lozano guilty of evading arrest or detention.

It was only after the jury returned the corrected guilty verdict that Lozano moved for a mistrial "based on unclear jury instructions that causes confusion to the jury." This motion for mistrial—notably based on different grounds than Lozano raises now on appeal—was untimely. *See Griggs v. State*, 213 S.W.3d 923, 927 (Tex. Crim. App. 2007) ("A motion for mistrial is timely only if it is made as soon as the grounds for it become apparent.").

Because Lozano chose not to raise an "extraneous offense" objection when the erroneous verdict form was discovered, did not request an instruction to disregard the alleged extraneous offense, and untimely moved for a mistrial, we hold that he has failed to preserve this complaint for our review. *See* TEX. R. APP. P. 33.1(a); *Griggs*, 213 S.W.3d at 927.

## D. Failure to Instruct Jury to Redeliberate

Finally, Lozano argues that the trial court erred when it sent the jury back to sign the correct verdict form without jury instructions and without also instructing them to redeliberate. Again, we conclude that Lozano has not preserved this issue for our review.

As demonstrated by the above exchange, the trial court explicitly informed the parties it was sending *only* the verdict form back to the jury. And when it did so,

13

defense counsel stated "okay." Defense counsel did not argue that the jury instructions should be sent back to the jury or that they should be directed to redeliberate. Because Lozano did not raise an objection below, he has not preserved this argument for appeal. *See* TEX. R. APP. P. 33.1(a).

## Conclusion

We affirm the trial court's judgment of conviction in all things.


Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Guiney and Dokupil.

Do not publish. TEX. R. APP. P. 47.2(b).