Opinion issued May 12, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00559-CR

———————————

Ronald Crawford, Appellant

V.

State of
Texas, Appellee



 



 

On Appeal from the 435th District Court

Montgomery County, Texas[1]



Trial Court Case No. 09-10-10406-CR

 



 

OPINION ON REHEARING

Appellant Ronald Crawford has moved
for rehearing and en banc consideration. 
We grant rehearing, withdraw our opinion and judgment of March 31, and
issue the following in their stead.  We
dismiss as moot Crawford’s motion for en banc consideration.  Our disposition of the case remains
unchanged.  

Following a bench trial, the trial
court found Crawford guilty of the third-degree felony offense of evading
arrest or detention in a vehicle with a prior conviction for the same
offense.  See Tex. Penal Code Ann.
§ 38.04 (West Supp. 2010).  The
trial court assessed punishment at three years’ imprisonment, probated for a
period of three years, and a $1000 fine. 
Following his conviction, Crawford discharged his trial counsel and retained
new counsel, who moved for a new trial based on a claim of ineffective
assistance of trial counsel.  The trial
court denied the motion.  On appeal,
Crawford contends that his conviction should be reversed, claiming that (1) the
evidence is legally insufficient to support his conviction, and (2) trial
counsel violated his constitutional right to effective assistance by failing to
(a) file a pretrial motion to suppress evidence resulting from his detention or
(b) call Crawford’s brother, a material witness, to testify on his behalf.  We hold that the evidence is sufficient to
support Crawford’s conviction and that Crawford fails to satisfy his burden to
prove trial counsel was ineffective.  We therefore
affirm.

Background

One late afternoon in September
2009, D. McGrew, a certified peace officer serving the Oak Ridge North Police
Department, was stationed near the perimeter of a parking lot by the I-45 feeder
road in Montgomery County.  Officer
McGrew noticed that the front seat passenger in a vehicle passing on the feeder
was looking intently at him.  As the vehicle
passed by, Officer McGrew saw the passenger move his head erratically and
continue to look back at the patrol car. 
Officer McGrew entered the vehicle’s license plate number into the
patrol car’s mobile data terminal (MDT). 
The MDT response identified the insurance company that issued the last
policy covering the vehicle, gave the policy number, and showed that the policy
had expired more than forty-five days before. 
Aware that a policy lapse of more than forty-five days constitutes a
violation, Officer McGrew turned on his emergency lights, caught up to the car
and motioned for the driver, later identified as Crawford, to pull over.  The vehicle promptly came to a stop on the
far right shoulder.  Officer McGrew
parked the patrol car behind the vehicle and began to get out when the stopped
vehicle pulled away.  Officer McGrew turned
on his emergency lights again and followed the vehicle.  At the same time, he called dispatch to
inform them he had a vehicle fleeing from him. 


          Once
the patrol car was within several feet of the fleeing vehicle, Officer McGrew
used the PA system to order Crawford to pull over.  The driver did not comply and turned off of
the feeder road onto a major thoroughfare. 
Officer McGrew turned on the siren and used the PA system again to
direct Crawford to pull over.  The driver
continued to flee, so Officer McGrew positioned the patrol car to force the
vehicle to stop.  Crawford attempted an
evasive maneuver, striking the patrol car with his vehicle.  That attempt was unsuccessful, and the
vehicle finally came to a stop.

Officer McGrew armed himself with
his stun gun, approached the vehicle, and ordered Crawford to come out of the
car.  Crawford unlocked the door but
remained in the car, so Officer McGrew opened the door and pulled him out.  Officer McGrew located Crawford’s proof of
insurance in the glove compartment and, consistent with the information provided
by the MDT, confirmed that the insurance had expired in August 2009.  

Discussion

I.       Evading
arrest 

A.      Standard of review

Crawford contends that the evidence
is insufficient to support his conviction for evading arrest.  Evidence is insufficient to support a conviction if,
considering all the record evidence in the light most favorable to the verdict,
no rational fact finder could have found that each essential element of the
charged offense was proven beyond a reasonable doubt.  See Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); In re Winship,
397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); Laster v. State, 275
S.W.3d 512, 517 (Tex. Crim. App. 2009); Williams v. State, 235 S.W.3d
742, 750 (Tex. Crim. App. 2007).  Viewed in the light most favorable to
the verdict, the evidence is insufficient under this standard in two
circumstances:  (1) the record contains no evidence, or merely a “modicum”
of evidence, probative of an element of the offense; or (2) the evidence
conclusively establishes a reasonable doubt.  See Jackson,
443 U.S. at 314, 318 n.11, 320, 99 S. Ct. at 2786, 2789 n.11; Laster,
275 S.W.3d at 518; Williams, 235 S.W.3d at 750.  An appellate court presumes that the fact
finder resolved any conflicting inferences in favor of the verdict and defers
to that resolution.  See Jackson, 443 U.S. at 326, 99 S. Ct.
at 2793; Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App.
2007).  An appellate court may not re-evaluate the weight and credibility
of the record evidence and thereby substitute its own judgment for that of the
fact finder.  Williams, 235 S.W.3d at 750.

“A person commits an offense if he
intentionally flees from a person he knows is a peace officer attempting
lawfully to arrest or detain him.”  Tex. Penal Code Ann. § 38.04(a); Guillory v. State, 99 S.W.3d 735, 741
(Tex. App.—Houston [1st Dist.] 2003, pet. ref’d).  Specifically, Crawford claims that no
evidence supports the trial court’s finding that Officer McGrew had a lawful
reason to detain him.

B.      Lawfulness of detention

The State bears the burden to prove
the lawfulness of the attempted detention. 
Guillory, 99 S.W.3d at
741.  A detention for the purpose of
investigating possible criminal behavior is lawful where the police officer can
point to specific and articulable facts that, taken together with rational
inferences from those facts, reasonably warrant the intrusion.  Id.
(citing Terry v. Ohio, 392 U.S. 1,
30, 88 S. Ct. 1868, 1884–85 (1968), and Garcia
v. State, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001)).  We review de novo the legal question of
whether the totality of the circumstances is sufficient to support an officer’s
reasonable suspicion.  See Madden v. State, 242 S.W.3d 504, 517
(Tex. Crim. App. 2007).

The evidence shows that, after
observing that Crawford’s passenger was moving his head erratically and looking
toward the patrol car, Officer McGrew ran a computer check of the vehicle’s
license plate number.  The MDT reported
that the insurance policy covering the vehicle had lapsed.  Officer McGrew acted on this information in
initiating the stop.  

Crawford contends that Officer
McGrew could not reasonably rely on the insurance database currently used by
enforcement to stop him for a lack of liability insurance.  First, Crawford correctly points out that
Texas law does not specifically require a person to purchase liability
insurance.  A person may establish the
financial responsibility required to drive a vehicle by other methods, including
filing a surety bond, making a deposit of cash or securities with the
comptroller, or qualifying for and obtaining a certificate of self‑insurance
from the Department of Public Safety.  See Tex.
Transp. Code Ann. §§ 601.051, 601.121, 161.122, 601.124 (West 1999).  But, the mere fact that alternate methods
exist to satisfy the Transportation Code’s financial responsibility requirement
does not render the stop unreasonable.  See Foster v. State, 326 S.W.3d 609, 612–14
(Tex. Crim. App. 2010) (holding that, among other circumstances, lurching
motion of truck supported reasonable suspicion for stop despite plausibility of
innocent explanation for truck’s erratic movements).  Officer McGrew could reasonably suspect from
the fact that the vehicle previously had liability insurance coverage—by far
the most common means of satisfying the financial responsibility
requirement—that the policy’s lapse meant that it no longer complied with the
law.  

Crawford relies on Gonzalez-Gilando v. State, 306 S.W.3d
893 (Tex. App.—Amarillo 2010, pet. ref’d), for the proposition that the MDT
insurance database cannot support a finding of reasonable suspicion.  See id.
at 897.  Gonzalez-Gilando, however, hinged on the fact that the computer database
search result stated that the insurance information was “not available” or the
status was “undocumented.”  Id. at 895.  The officer who stopped the car testified
that this led him to believe that the car did not have insurance coverage, but
the State did not develop the evidence to demonstrate that the officer’s belief
was reasonable, such as what the database meant in reporting that insurance
information was unavailable, explaining why such information would be
unavailable, or otherwise illustrating the accuracy of the database.  Id.
at 896–97; see also Contraras v. State,
309 S.W.3d 168, 173 (Tex. App.—Amarillo 2010, pet. ref’d) (response of state’s
insurance verification program database that insurance information for vehicle
was “unavailable” or “undocumented,” in absence of explanation as to why
response supported officer’s belief that vehicle did not have insurance, did
not support conclusion that officer had reasonable suspicion to stop vehicle
for operating without insurance, particularly where officer admitted that terms
could mean either that driver could have insurance or may not have
insurance).  

Here, in contrast, the database
yielded specific information identifying the insurance policy covering the car,
as well as revealing that it had lapsed more than a month before the stop and
that Crawford, the car owner, had not confirmed the existence of liability
insurance coverage during that period. 
In United States v. Cortez-Galaviz,
495 F.3d 1203 (10th Cir. 2007), the federal appellate court held that the
officer had reasonable cause to stop a vehicle and briefly detain its driver
where the computer database report on the vehicle stated: “INSURED/Not Found:
AS OF /9/30/2005 Recommend request proof of insurance.”  Id.
at 1204.  The specificity of this
information led the Contraras court
to distinguish the facts in Cortez-Galaviz
from those before it.  Like the database
search result in Cortez-Galaviz, the
response in this case was not inconclusive or as likely to support a finding of
compliance as it was of violation. 
Officer McGrew’s reliance on the information obtained from the MDT
search thus supports the trial court’s finding that he lawfully attempted to
arrest or detain Crawford.  We hold that
the evidence is sufficient to support Crawford’s conviction for evading arrest
under section 38.04.

II.      Ineffective
assistance of counsel

A.      Standard of review

          Crawford
presented his ineffective assistance claim to the trial court in a motion for
new trial.  We therefore analyze the
issue as a challenge to the denial of the motion for new trial.  Biagas
v. State, 177 S.W.3d 161, 170 (Tex. App.—Houston [1st Dist.] 2005, pet.
ref’d).  We view the evidence in the
light most favorable to the trial court’s ruling and uphold the trial court’s
ruling if it was within the zone of reasonable disagreement.  Id.;
Wead v. State, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004).  We do not substitute our judgment for that of
the trial court, but rather we decide whether the trial court’s decision was
arbitrary or unreasonable.  Webb v. State, 232 S.W.3d 109, 112 (Tex.
Crim. App. 2007); Biagas, 177 S.W.3d
at 170.  Thus, a trial court abuses its
discretion in denying a motion for new trial only when no reasonable view of
the record could support the trial court’s ruling.  Id.

B.      Analysis

Crawford
contends that he received ineffective assistance of counsel because his trial
counsel failed to (1) file a pretrial motion to suppress evidence; and (2) call
a material witness to testify at trial.  To prevail on a claim of ineffective assistance of counsel,
the defendant must show that (1) his counsel’s performance was deficient and
(2) a reasonable probability exists that the result of the proceeding would
have been different.  Strickland
v. Washington, 466 U.S. 668, 687 (1984).  The first prong of Strickland requires
the defendant to show that counsel’s performance fell below an objective
standard of reasonableness.  Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999).  Thus, the
defendant must prove objectively, by a preponderance of the evidence that his
counsel’s representation fell below professional standards.  Mitchell
v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).  The second prong requires the defendant to
show a reasonable probability that, but for counsel’s unprofessional errors,
the result of the proceeding would have been different.  See
Strickland, 466 U.S. at 694; see also Thompson, 9 S.W.3d at 812. 
In reviewing counsel’s performance, we look to the totality of the
representation to determine the effectiveness of counsel, indulging a strong
presumption that the attorney’s performance falls within the wide range of
reasonable professional assistance or trial strategy.  Thompson,
9 S.W.3d at 813.  Furthermore, a claim of
ineffective assistance must be firmly supported in the record.  Id. (citing McFarland v. State, 928 S.W.2d 482, 500
(Tex. Crim. App. 1996)).  

Here, Crawford moved for new trial on grounds of
ineffective assistance, but did not call trial counsel as a witness.  Where the record does not offer an
explanation for trial counsel’s actions, we presume that counsel made all
significant decisions in the exercise of reasonable professional judgment.  Jackson
v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); Broussard v. State, 68 S.W.3d 197, 199 (Tex. App.—Houston [1st
Dist.] 2002, pet. ref’d).  Without
testimony from trial counsel, we cannot meaningfully address trial counsel’s
strategic reasons for the actions that Crawford alleges constitute ineffective
assistance.  See Davis v. State, 930 S.W.2d 765, 769 (Tex. App.—Houston [1st
Dist.] 1996, pet. ref’d).  Moreover, even
if counsel’s actions cannot be characterized as reasonable trial strategy, Crawford
must satisfy the second prong of Strickland,
that the outcome probably would have been different.

We presume that trial counsel exercised reasonable
professional judgment in reaching his decision not to file a pretrial motion to
suppress and may not speculate trial counsel’s reason for that decision.  See
Broussard v. State, 68 S.W.3d 197, 199 & n.2 (Tex. App.—Houston [1st
Dist.] 2002, pet. ref’d) (en banc) (finding evidence insufficient to
demonstrate counsel was ineffective for failing to file suppression motion
based upon officers’ unannounced entry). 
Our conclusion that Officer McGrew’s reliance on the MDT response in
stopping Crawford supports the trial court’s finding of reasonable suspicion
forecloses any showing that the trial’s outcome probably would have been
different if trial counsel had moved to suppress.

Crawford also complains about trial
counsel’s failure to call his brother, David Crawford, who was the passenger in
the vehicle.  To obtain relief on an
ineffective assistance claim based on an uncalled witness, the defendant must
show that the witness was available to testify and the testimony sought would
have been of some benefit to his defense. 
See Ex parte White, 160 S.W.3d
46, 52 (Tex. Crim. App. 2004); see also
Pinkston v. State, 744 S.W.2d 329, 332 (Tex. App.—Houston [1st Dist.] 1988,
no pet.) (“An attorney’s failure to investigate or present witnesses will be a
basis for establishing ineffective assistance of counsel only where it is shown
that the witnesses would have been available and that the presentation of the
evidence would have benefitted appellant.”).

In his own testimony, Crawford
stated that he and his brother discussed whether the officer was attempting to
pull them over and where they might stop safely.  Crawford does not identify any fact to which
his brother would testify that the trial court had not heard from another witness,
nor does he explain how his brother’s cumulative testimony would have
benefitted his defense.  Crawford did not
bear his burden to show that trial counsel’s failure to call David Crawford
cannot be characterized as reasonable trial strategy.  Consequently, the trial court did not abuse
its discretion in denying Crawford’s motion for new trial.




 

Conclusion

          We
hold that the evidence is sufficient to support Crawford’s conviction for
evading arrest.  We further hold that trial
court did not abuse its discretion in denying Crawford’s motion for new trial
because Crawford failed to meet his evidentiary burden under Strickland and Thompson.  We therefore
affirm the judgment of the trial court.

 

                                                                   Jane
Bland

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Alcala and Bland.

Publish.   Tex. R. App. P. 47.2(b).











[1]
          The Texas Supreme Court
transferred this appeal from the Court of Appeals for the Ninth District of
Texas. Misc. Docket No. 10-9105; see Tex. Gov’t Code Ann. § 73.001 (West
2005) (authorizing transfer of cases).