

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00358-CR

JAMES WELDON BISCAMP,

Appellant

 v.

THE STATE OF TEXAS,

Appellee

**From the 85th District Court
Brazos County, Texas
Trial Court No. 16-04911-CRF-85**

## MEMORANDUM OPINION

The jury convicted James Biscamp of the offense of evading arrest or detention

with a motor vehicle and found both the enhancement paragraph and the deadly weapon

allegation to be true. They jury assessed punishment at 20 years confinement. We affirm.

### Motion to Suppress

In the first issue, Biscamp argues that the trial court erred in denying his motion

to suppress. When reviewing a trial court's ruling on a motion to suppress, we view the

evidence in the light most favorable to the trial court's ruling. *State v. Robinson*, 334 S.W.3d 776, 778 (Tex. Crim. App. 2011); *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given to their testimony. *Wiede v. State*, 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007). Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and demeanor; and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). But when application-of-law-to-fact questions do not turn on the credibility and demeanor of the witnesses, such as the determination of reasonable suspicion, we review the trial court's ruling on those questions de novo. *Hereford v. State*, 339 S.W.3d 111, 118 (Tex. Crim. App. 2011); *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000).

Trooper Brodie Reynolds testified at the motion to suppress hearing that on July 2, 2016, he was working speed enforcement, and he observed Biscamp driving in excess of the speed limit. Trooper Reynolds stated that he clocked Biscamp at a speed over 80 miles per hour, but he could not recall the exact speed. Trooper Reynolds initiated a traffic stop and during the stop he determined Biscamp had an expired driver's license and also outstanding warrants. Trooper Reynolds saw a basket in Biscamp's vehicle that he believed contained contraband. Trooper Reynolds asked Biscamp to step out of the

vehicle, but Biscamp did not comply. Trooper Reynolds again asked Biscamp to exit the vehicle, and Biscamp drove away from the scene. Trooper Reynolds pursued Biscamp and observed Biscamp commit several traffic violations during the pursuit. Biscamp was eventually apprehended and placed under arrest. Trooper Reynolds conducted an inventory search of the vehicle and found narcotic related contraband.

Biscamp argues that the initial detention for speeding was not lawful and that any evidence obtained from that detention should have been suppressed. Police officers may stop and detain a person if they have a reasonable suspicion that a traffic violation is in progress or has been committed. *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992); *Rush v. State*, 549 S.W.3d 755, 758 (Tex. App.—Waco 2017, no pet.). A lawful roadside detention begins when a vehicle is pulled over for investigation of a traffic violation. *See Arizona v. Johnson*, 555 U.S. 323, 333, 129 S.Ct. 781, 788, 172 L.Ed. 2d 694 (2009); *Rush v. State*, 549 S.W.3d at 758. Trooper Reynolds observed Biscamp speeding and testified that radar indicated that Biscamp was exceeding the speed limit. An officer can testify to specific facts of a speeding offense without use of a radar. *See Hausherr v. State*, 404 S.W.3d 669, 671 (Tex. App.—Beaumont 2013, no pet.). An officer need not know the exact speed of a vehicle and, further, the use of radar is not mandatory to establish the speed of a vehicle as the law does not require that level of precision to justify a traffic stop. *See Dillard v. State*, 550 S.W.2d 45, 53 (Tex. Crim. App. 1977); *Shipp v. State*, No. 05-16-01347-CR, 2017 LEXIS 9667 at *7 (Tex. App.—Dallas October 16, 2017, no pet.). The

initial traffic stop of Biscamp was not unlawful. The trial court did not abuse its discretion in denying the motion to suppress. We overrule the first issue.

## Admission of Evidence

In the second and third issues, Biscamp complains that the trial court erred in admitting evidence. In determining whether a trial court erred in admitting evidence, the standard for review is abuse of discretion. *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005). A trial court abuses its discretion when its decision is so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *Id*.

In the second issue Biscamp argues that the trial court erred in admitting the evidence recovered during the inventory search of his vehicle. Trooper Reynolds testified that he recovered a methamphetamine smoking pipe with methamphetamine residue, a glass cocaine smoking pipe, marijuana, and other paraphernalia from the vehicle. Biscamp objected at trial that anything illegal found in the vehicle would be an extraneous offense, and the State argued that it was same transaction, contextual evidence.

Texas Rules of Evidence 404 (b) provides that evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. TEX. R. EVID. 404 (b) (1). This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

TEX. R. EVID. 404 (b) (2).  We find that the evidence was properly admitted to show Biscamp's motive in evading arrest or detention.  Moreover, Biscamp later testified that he possessed a "little weed," "a little meth," and "a little crack."  Any error in admitting the evidence did not affect Biscamp's substantial rights.  TEX. R. APP. P. 44.2 (b).  We overrule the second issue.

In the third issue, Biscamp argues that the trial court erred in admitting evidence that the substance found in his vehicle was methamphetamine.  Cassandra Bilyeau, a forensic scientist with the Texas Department of Public Safety testified that she tested the substance in Biscamp's vehicle and confirmed that it was methamphetamine.  Biscamp did not object to the testimony, but later objected when the State introduced Exhibit 3 – methamphetamine.  Because Biscamp did not object to the chemist's testimony that the substance was methamphetamine, no reversible error in admitting the evidence of methamphetamine is presented.  *McGruder v. State*, No. 10-13-00109-CR, 2016 LEXIS 7993 at *3 (Tex. App. —Waco October 16, 2017, no pet.).  We overrule the third issue.

In the fourth issue, Biscamp complains that the trial court erred in denying the admission of present sense impression testimony.  During trial, Biscamp called his ex-wife, Amanda, to testify.  Amanda testified that she was on the phone with Biscamp prior to the initial detention for speeding.  Amanda stated that she asked Biscamp if he was speeding, and he said "no."  The State objected to the testimony as hearsay, and the trial court sustained the objection.  Biscamp's trial attorney asked if he made any sort of

exclamation about his speed, and the State again objected. Biscamp argued that it was present sense impression, but the trial court sustained the State's objection.

Biscamp later testified that he was on the phone with Amanda at the time of the initial speeding detention. Biscamp testified that he was not speeding and that he told Amanda he was not speeding. Any error in denying the admission of Amanda's testimony did not affect Biscamp's substantial rights. TEX.R.APP.P. 44.2 (b). We overrule the fourth issue.

## Jury Charge

In the fifth issue, Biscamp argues that the trial court erred in denying his requested jury instruction. Biscamp requested two instructions to the jury. The first requested the trial court to instruct the jury:

> A temporary detention of a person is lawful if a peace officer has a reasonable suspicion, supported by specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that the particular person actually is, has been, or soon will be engaging in criminal activity.
> Now bearing in mind these instructions, if you find from the evidence, or if you have reasonable doubt thereof, that on July 2nd, 2016, prior to the stop and detention of the defendant by B. Reynolds involved herein, that B. Reynolds lacked the authority under the law to make a temporary detention, then such detention of the accused would be illegal, and if you find the facts so to be, you will disregard both the evidence discovered as a result of the detention and the testimony regarding that evidence, along with conclusions drawn as a result thereof and you will not consider such evidence for any purpose whatsoever.

The second requested an instruction that "a warrantless arrest is lawful if it is made by an officer possessing probable cause to believe that an offense has occurred within the

officer's presence." The requested instruction defined probable cause and also a lawful detention.

When we review a claim of jury charge error, we engage in a two-step process. First, we determine whether error exists; and then we determine whether sufficient harm resulted from the error to require reversal. *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). We do not reach the harm issue, however, unless we first find error in the charge.

During the charge conference, the trial court found the reasoning of *Iduarte v. State*, 268 S.W.3d 544 (Tex. Crim. App. 2008) to be instructive. In *Iduarte*, the Court stated that the exclusionary rule was designed to protect individuals from the use at trial of evidence that was obtained in an unlawful manner. *Iduarte v. State*, 268 S.W.3d at 551. The Court noted that the exclusionary rule does not provide limitless protection to one who chooses to react illegally to an unlawful act by a state agent. *Id*.

Biscamp was charged with evading arrest and, as in *Iduarte*, the charged offense had not occurred before the challenged action of the detention for speeding. Biscamp fleeing the scene constituted an independent criminal offense committed after the detention for speeding. Evidence is not classified as a fruit requiring exclusion merely because it would not have been discovered "but for" the primary violation. *Iduarte v. State*, 268 S.W.3d at 550. As in *Iduarte*, we find that the exclusionary rule does not apply

in this case. The trial court did not err in refusing the requested instructions. We overrule the fifth issue.

## Sufficiency of the Evidence

In the sixth issue, Biscamp argues that the evidence is insufficient to support his conviction. The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (*citing Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is

sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

A person is guilty of evading arrest if he intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him. TEX. PENAL CODE ANN. § 38.04(a) (West 2016). Biscamp specifically complains that without evidence that he was lawfully detained, the evidence is insufficient to support his conviction.

Trooper Reynolds testified that he observed Biscamp driving in excess of the speed limit. Trooper Reynolds stated that he clocked Biscamp at a speed over 80 miles per hour, but he could not recall the exact speed. An officer can testify to specific facts of a speeding offense without use of a radar. *See Hausherr v. State*, 404 S.W.3d 669, 671 (Tex. App. — Beaumont 2013, no pet.). An officer need not know the exact speed of a vehicle and, further, the use of radar is not mandatory to establish the speed of a vehicle as the law does not require that level of precision to justify a traffic stop. *See Dillard v. State*, 550

S.W.2d 45, 53 (Tex. Crim. App. 1977); *Shipp v. State*, No. 05-16-01347-CR, 2017 LEXIS 9667

at *7 (Tex. App. — Dallas October 16, 2017, no pet.). The initial detention of Biscamp or

speeding was not unlawful, and Biscamp does not dispute that he fled the scene. We find

that the evidence is sufficient to support the conviction for evading arrest or detention.

We overrule the sixth issue.

**Conclusion**

We affirm the trial court's judgment.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Neill
Affirmed
Opinion delivered and filed February 27, 2019
Do not publish
[CR25]

