IN THE
TENTH COURT OF APPEALS
No. 10-18-00216-CR


**KERONE MARCELL FELDER,**

                                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                            **Appellee**

———————

**From the County Court at Law
Navarro County, Texas
Trial Court No. C37666-CR**

———————

## MEMORANDUM  OPINION

———————

Kerone Felder entered a plea of guilty to the offense of possession with intent to deliver a controlled substance.  The trial court found the enhancement paragraph to be true and assessed punishment at 27 years confinement.  We affirm.

In the sole issue on appeal, Felder complains that the trial court erred in denying his motion to suppress evidence.  When reviewing a trial court's ruling on a motion to suppress, we view the evidence in the light most favorable to the trial court's ruling. *State*

*v. Robinson*, 334 S.W.3d 776, 778 (Tex. Crim. App. 2011); *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given to their testimony. *Wiede v. State*, 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007). Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and demeanor; and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). But when application-of-law-to-fact questions do not turn on the credibility and demeanor of the witnesses, such as the determination of reasonable suspicion, we review the trial court's ruling on those questions de novo. *Hereford v. State*, 339 S.W.3d 111, 118 (Tex. Crim. App. 2011); *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000).

Officer David Nazar, with the Corsicana Police Department, testified at the hearing on the motion to suppress that on June 1, 2017, he was on patrol working traffic. Officer Nazar was stopped at a red light when he observed a vehicle go through the intersection "a split second" after the light for Officer Nazar turned green. Officer Nazar believed the vehicle ran the red light based upon his knowledge that there is a delay in the time when a light at the intersection turns red and the other light turns green.

Officer Nazar initiated a traffic stop and Felder informed him that he did not have a valid driver's license. Officer Nazar learned that Felder had a previous conviction for

driving without a valid driver's license, and he placed Felder under arrest for driving without a valid license. Felder was searched at the jail and jailers found a Crown Royal bag containing smaller plastic baggies with a white powdery substance in Felder's sock.

Felder presented the testimony of a private investigator who determined based upon a video of the offense that the light was yellow when Felder entered the intersection. There was disagreement between the State and Felder's attorney after viewing the video of the offense on whether the light was red or yellow at the time Felder entered the intersection. Officer Nazar testified that he believed Felder ran the red light and committed a traffic offense.

Felder argues that the trial court erred in denying the motion to suppress because Officer Nazar had no reasonable suspicion for the traffic stop as the video evidence shows that he did not run the red light. Felder contends that all the evidence obtained subsequent to the illegal stop should have been suppressed.

Police officers may stop and detain a person if they have a reasonable suspicion that a traffic violation is in progress or has been committed. *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992); *Rush v. State*, 549 S.W.3d 755, 758 (Tex. App.—Waco 2017, no pet.). The question is not whether Felder was guilty of the traffic offense, but whether Officer Nazar had a reasonable suspicion that he was. *Jaganathan v. State*, 479 S.W.3d 244, 247 (Tex. Crim. App. 2015). Reasonable suspicion exists if an officer has specific, articulable facts that, when combined with rational inferences from those facts, would

lead the officer to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).

Officer Nazar testified that Felder went through the intersection "a split second" after the light for Officer Nazar turned green. Officer Nazar was aware that there is a delay in the light turning green after the other light has turned red. Officer Nazar had a reasonable suspicion that Felder ran the red light based upon his observation of Felder going through the intersection close in time to his light turning green. The trial court did not abuse its discretion in denying Felder's motion to suppress. We overrule the sole issue on appeal.

We affirm the trial court's judgment.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Affirmed
Opinion delivered and filed March 6, 2019
Do not publish
[CRPM]

