

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00386-CR

THE STATE OF TEXAS,

                                                            Appellant

 v.

MICHAEL ALBERT DEANE,

                                                            Appellee

From the County Court at Law
Walker County, Texas
Trial Court No. 18-0436

## MEMORANDUM  OPINION

Michael Deane was charged with the offense of driving while intoxicated.  Deane

filed a motion to suppress evidence, and the trial court granted the motion.  The State

appeals from the trial court's order granting Deane's motion to suppress evidence.  We

affirm.

## MOTION TO SUPPRESS

In the sole issue on appeal, the State argues that the trial court erred in granting the motion to suppress. When reviewing a trial court's ruling on a motion to suppress, we view the evidence in the light most favorable to the trial court's ruling. *State v. Robinson*, 334 S.W.3d 776, 778 (Tex. Crim. App. 2011); *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given to their testimony. *Wiede v. State*, 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007). Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and demeanor; and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). But when application-of-law-to-fact questions do not turn on the credibility and demeanor of the witnesses, such as the determination of reasonable suspicion, we review the trial court's ruling on those questions de novo. *Hereford v. State*, 339 S.W.3d 111, 118 (Tex. Crim. App. 2011); *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000). If the trial court makes findings of fact, as it did here, we determine whether the evidence supports those findings. *Robinson v. State*, 334 S.W.3d at 778; *Richardson v. State*, 494 S.W.3d 302, 304 (Tex. App. —Waco, 2015, no pet.). We then review the trial court's legal rulings de novo unless

the findings are dispositive. *Robinson v. State*, 334 S.W.3d at 778; *Richardson v. State*, 494 S.W.3d at 304.

Officer Keith Sarraf and Officer Brandon Boyd, with the Huntsville Police Department, both testified at the hearing on the motion to suppress that they were working patrol on May 23, 2018. The officers were at a local bar as the bar was closing to insure the safety of those leaving the bar. Officer Sarraf testified that Deane was backing out of a parking space to leave the bar and came "extremely close" to hitting a patrol car. Officer Sarraf was unsure if the Deane's vehicle made contact with the patrol car, but it was so close it "possibly could have" struck the patrol car. Officer Boyd also testified that Deane's car was very close to hitting the patrol car, but he was unsure if it made contact.

Officer Boyd stopped Deane's vehicle to investigate, and Officer Sarraf examined the vehicles to determine if there was damage. While Officer Boyd was making contact with Deane, Officer Sarraf determined that there was no damage to the vehicles. Officer Boyd smelled a strong odor of alcohol on Deane and began an investigation for driving while intoxicated.

The State argues that, based on the testimony of Officers Sarraf and Boyd, the trial court had reasonable suspicion to detain Deane for a traffic violation. Police officers may stop and detain a person if they have a reasonable suspicion that a traffic violation is in progress or has been committed. *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992); *Rush v. State*, 549 S.W.3d 755, 758 (Tex. App. —Waco 2017, no pet.). Reasonable

suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity. *Castro v. State*, 227 S.W.3d 737, 741 (Tex. Crim. App. 2007); *Richardson v. State*, 494 S.W.3d at 304.

In its findings of fact and conclusions of law, the trial court found that the officers observed Deane come very close to the patrol vehicle. The trial court concluded that "the officers did not have a reasonable belief that an offense was occurring because coming close to another vehicle, in this context, is not a traffic offense." The record supports the trial court's findings that the officers observed Deane come very close to striking the patrol car. The officers' testified that they were unsure whether Deane had committed a crime not that they reasonably believed they observed a crime. We agree with the trial court's conclusion that "the officers did not have a reasonable belief that an offense was occurring…" We find that the trial court did not abuse its discretion in granting the motion to suppress evidence. We overrule the sole issue on appeal.

### CONCLUSION

We affirm the trial court's judgment.


JOHN E. NEILL
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
Affirmed
Opinion delivered and filed May 15, 2019
Do not publish
[CR25]

