

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-23-00153-CR

**TERRY TERRELL BROWN,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

**From the County Court at Law No. 2
McLennan County, Texas
Trial Court No. 2020-0468-CR2**

_____

## MEMORANDUM  OPINION

_____

Terry Brown appeals from a conviction for Failure to Identify.  TEX. PENAL CODE §38.02.  Brown complains that the evidence was insufficient because he was not legally detained or arrested at the time he provided a false name, and that the trial court erred in the judgment/order assessing court costs and the fine.  We find that the judgment should be modified to delete the waiver of a hearing pursuant to articles 43.03(d) and 43.05 of the Code of Criminal Procedure, and otherwise, affirm the judgment of the trial

court.

**BACKGROUND FACTS**

Brown was a passenger in the rear seat of a vehicle that was pulled over for speeding, driving in the left lane without passing, and following too closely. The officer who initiated the traffic stop testified that while approaching the vehicle, he smelled a strong odor of marihuana coming from the vehicle. After removing the driver from the vehicle and placing him in the officer's patrol car, the officer approached the vehicle again to identify each of the remaining passengers.

Brown was reluctant to give his name and other identifying information, but eventually told the officer that his name was "Treshawn Cummings" and that his date of birth was August 31, 1980. Both the name and date of birth given by Brown were proven to be false after a wallet containing Brown's ID showing his legal name and date of birth was discovered during a pat-down search.

**SUFFICIENCY OF THE EVIDENCE**

In his first issue, Brown complains that the evidence was insufficient for him to have been found guilty of the offense of Failure to Identify because he was not lawfully detained or arrested. The Court of Criminal Appeals has expressed our standard of review of sufficiency issues as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319,

99 S. Ct. 2781, 61 L.Ed.2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (*citing Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

**FAILURE TO IDENTIFY**

The offense of Failure to Identify provides in relevant part:

A person commits an offense if he intentionally gives a false or fictitious name, residence address, or date of birth to a peace officer who has:

(1) lawfully arrested the person; [or]
(2) lawfully detained the person; …

TEX. PENAL CODE § 38.02(b)(1),(2).  Brown argues that at the time that he gave the false information to the officer, he had not been lawfully arrested or detained because the encounter with the officer constituted a consensual encounter.  Because of that, Brown contends that the false information was not given at a time when he was lawfully arrested or detained.

**LAWFUL DETENTION**

The Fourth Amendment prohibits unreasonable searches and seizures.  *Lerma v. State*, 543 S.W.3d 184, 190 (Tex. Crim. App. 2018).  A stop and frisk by law enforcement implicates the Fourth Amendment's protections.[1]  *Terry v. Ohio*, 392 U.S. 1, 16, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).  "A Fourth Amendment analysis regarding an officer's stop and frisk has two prongs."  *Lerma*, 543 S.W.3d at 190.  First, a court must "decide whether the officer's action was justified at its inception."  *Id*.  "Next, a court must decide whether the search and seizure were reasonably related in scope to the circumstances that justified

---

[1] At oral argument, for the first time, Brown raised the question of whether the Texas Constitution provides greater protection than the United States Constitution.  However, this issue has not been properly briefed or otherwise raised and is not before us.

the stop in the first place." *Id.* "In the context of a traffic stop, police officers are justified in stopping a vehicle when the officers have reasonable suspicion to believe that a traffic violation has occurred." *Id.* A traffic stop of a vehicle communicates to a reasonable passenger that police officers are "exercising control to the point that no one in the car [is] free to depart without police permission." *Brendlin v. California*, 551 U.S. 249, 257, 127 S. Ct. 2400, 168 L. Ed. 2d 132 (2007).

All occupants of a vehicle in a traffic stop are "subject to like control by the successful display of authority." *Id.* at 260. "The police need not have, in addition, cause to believe any occupant of the vehicle is involved in criminal activity." *Arizona v. Johnson*, 555 U.S. 323, 327, 129 S. Ct. 781, 172 L. Ed. 2d 694 (2009). Contrary to Brown's assertion, a passenger is seized, just as the driver is, "from the moment [a car stopped by the police comes] to a halt on the side of the road." *Brendlin*, 551 U.S. at 263. "The temporary seizure of driver and passengers ordinarily continues, and remains reasonable, for the duration of the stop," so long as the stop is not unreasonably extended. *Johnson*, 555 U.S. at 333; *Lerma*, 543 S.W.3d at 192-93; *see also Rodriguez v. United States*, 575 U.S. 348, 354-55, 135 S. Ct. 1609, 191 L. Ed. 2d 492 (2015) (a traffic stop is reasonable only for the amount of time required to complete the seizure's "mission"—to address the traffic violation that warranted the stop and related safety concerns).

Brown does not challenge the lawfulness of the initial traffic stop. Nor does he challenge the length of the detention, argue that the duration of the traffic stop was

unreasonably extended, or that it had concluded at the time he gave the false information. The evidence at trial, viewed in the light most favorable to the judgment, was sufficient to find that the traffic stop investigation had not been fully resolved at the time Brown provided the false name and date of birth to the officer. *Lerma*, 543 S.W.3d at 191 ("Once the computer check is completed, and the officer knows that the driver has a current valid license, no outstanding warrants, and the car is not stolen, the traffic stop investigation is fully resolved.").[2] Likewise, there was no evidence to establish that the passengers in the vehicle were free to leave prior to the time Brown gave the false identification. Therefore, viewing the evidence under the appropriate standards and applicable law, the evidence was sufficient to prove Brown was lawfully detained at the time he gave the false identification.[3] *See Rush v. State*, 549 S.W.3d 755, 758 (Tex. App.—Waco 2017, no pet.). We

---

[2] Brown argues that the interaction with the officer was merely a consensual encounter and that, as a passenger, he was not required to answer questions posited to him by law enforcement in the absence of reasonable suspicion of criminal activity as to him specifically. In support of this contention, he cites to *St. George v. State*, 237 S.W.3d 720 (Tex. Crim. App. 2007). In *St. George*, a passenger in a vehicle stopped for a traffic violation gave a false identification after the purpose of the initial traffic stop had ended with the issuance of a warning and there was no further reasonable suspicion to continue the detention of the driver or the passenger. *St. George*, 237 S.W.3d at 722. However, in *Lerma*, which we have cited above, the Court of Criminal Appeals has distinguished its holding in *St. George*. *See Lerma*, 543 S.W.3d at 195-98. We find that the facts in *Lerma* more closely follow the facts in this proceeding in that this traffic stop was initiated by a single officer late at night, there were five passengers in the vehicle, there was a smell of what the officer believed to be marihuana coming from the vehicle, and the request for identification was made prior to the completion of the reason for the traffic stop.

[3] Brown argues that he should not have been required to answer the officer's questions because the officer's actions constituted, at most, a consensual encounter, and that he had the right to remain silent until reasonable suspicion as to him specifically was indicated. However, whether or not he could have remained silent is not before us. Brown was not alleged to have refused to identify himself. Brown answered the officer's question. It was not Brown's legal name he chose to give, and although disputed, there was sufficient evidence that he also did not give his correct date of birth. On appeal, Brown does not complain about the voluntariness of his statement, and the issue of what would have been the result had

overrule issue one.

**PAYMENT OF FINE AND COSTS**

In his second issue, Brown complains that the trial court erred by stating that it would issue a capias for his arrest if he did not timely pay the fine assessed, erroneously included a finding in the judgment that Brown had waived a future hearing pursuant to articles 43.03(d) or 43.05 of the Code of Criminal Procedure relating to his ability to pay the fine and court costs, and that Brown has no duty to pay court costs during the appeal.

In his brief to this Court, Brown provides no argument or authorities relating to his contention about the trial court's statement that it would issue a capias for his arrest if the fine was not paid. To whatever degree Brown's argument is not premature because it relates to something that has not occurred, it is inadequately briefed. See Tex. R. App. P. 38.1(i).

As to Brown's contention that the judgment erroneously contains a determination that Brown waived a hearing in the event he defaults on his payments for the fine and court costs, the State agrees that the finding should not have been included. Our review of the reporter's record contains no such waiver. As such, we modify the judgment to delete the finding that the hearing pursuant to articles 43.03(d) and 43.05 of the Code of

---

Brown refused to give his name and date of birth is not before us. It is also not relevant to our analysis that subsection b-1 has subsequently been added to Section 38.02, which relates to an operator of a motor vehicle's refusal to identify himself. *See* TEX. PENAL CODE § 38.02(b-1) eff. Sept. 1, 2023).

Criminal Procedure was waived.

Brown's last contention consists of one sentence in his brief that an appeal suspends his duty to pay court costs, and cites to *Dulin v. State*, 620 S.W.3d 129 (Tex. Crim. App. 2021).  There is no argument or other contention that Brown has been asked to pay court costs while this appeal is pending.  The State agrees with the general concept that collection efforts are not allowed during the appeal, but responds that this part of Brown's issue is not yet ripe for our determination because there has been no showing that any collection efforts have been attempted.  Except for the modification expressed above, we overrule issue two.

## CONCLUSION

We find that the waiver of a hearing pursuant to articles 43.03(d) and 43.05 of the Code of Criminal Procedure should be deleted from the judgment and modify the judgment to remove that finding.  In all other respects, having found no reversible error, the judgment of the trial court is affirmed as modified.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith
Modified, and Affirmed as modified
Opinion delivered and filed December 30, 2024
Do not publish
[CR25]

